UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:01-cr-269 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| RODRIGO LOPEZ, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

    Defendant, Rodrigo Lopez, is serving a 77-month sentence imposed on May 13, 2002, by United States District Judge David W. McKeague, after defendant entered a plea of guilty to an indictment charging him with being present in the United States after deportation, following conviction of an aggravated felony offense.  8 U.S.C. § 1326(a), (b)(2).  Defendant has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  His *pro se* motion sets forth three grounds for relief.  First, he asserts that he was denied the effective assistance of counsel at his guilty plea proceedings, because counsel did not assure that defendant understood the charges and the possible length of his sentence.  Second, he raises a Sixth Amendment claim, arising from the court's enhancement of his sentence by sixteen levels on the basis of judge-made findings of fact.  Finally, he asserts a double jeopardy claim arising from enhancement of his sentence on account of his prior criminal history.

    Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the

motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. If the movant is not entitled to relief, the court "shall make an order for its summary dismissal." *Id.* Dismissal without a hearing is appropriate if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). This section 2255 proceeding has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. Upon review of the record, I conclude that the petition is meritless and recommend that it be summarily denied.

**Proposed Findings of Fact**

This criminal prosecution began with the filing of a one-count indictment on December 5, 2001, charging defendant with being knowingly present in the United States without permission after deportation. The indictment (docket # 1) further alleged that deportation followed conviction of an aggravated felony offense. 8 U.S.C. § 1326(a), (b)(2). The court appointed attorney Donald Garthe, who is fluent in the Spanish language, to represent defendant. Defendant and counsel appeared before me on February 12, 2002, for purposes of entering a guilty plea.[1] In connection with the plea proceeding, the parties presented the court with a plea agreement, both in English (docket # 17) and in Spanish (docket # 18). The court conducted a plea colloquy, in which

---

[1] Local Criminal Rule 11.1 allows magistrate judges to preside over guilty plea proceedings with the consent of both parties. The plea is then taken under advisement for review by the district judge, who retains full authority to accept or reject any plea agreement, accept or reject the plea, and impose sentence. (*See* signed Consent, docket # 16).

defendant testified under oath that he understood the nature of the charges, the penalties provided by law, and the rights that he would give up by pleading guilty. (*See* Plea Transcript, docket # 21). At the conclusion of the plea hearing, I found that defendant understood the nature of the charge and penalties provided by law, that the plea had a sufficient basis in fact, and that defendant was fully capable and competent to enter an informed plea. (*Id.* at 22). The plea was taken under advisement for review by the district judge.

On May 13, 2002, defendant and counsel appeared before Judge McKeague for purposes of sentencing. Judge McKeague accepted the plea, to which no party had lodged an objection. After hearing allocution from the parties, Judge McKeague found that the total offense level was 21, and the criminal history category was VI. This rendered a guideline range of 77-to-96 months. Judge McKeague imposed a sentence of 77 months, at the bottom of the guideline range. (*See* Judgment of Conviction, docket # 24). Defendant did not appeal.

On April 22, 2005, defendant filed the present section 2255 proceeding. His motion asserts ineffective assistance of counsel arising from alleged lack of effort to assure that defendant understood the charges and the possible length of his sentence. Additionally, defendant raises two challenges to his sentence, the first under the Sixth Amendment and the second under the Double Jeopardy Clause of the Fifth Amendment.

## Discussion

### I.     Statute of Limitations

Pursuant to amendments enacted in 1996, a federal defendant seeking relief under 28 U.S.C. § 2255 must comply with a one-year statute of limitations. 28 U.S.C. § 2255, ¶ 6. For

purposes of the present case, the limitation period begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255, ¶ 6(1). Where, as here, a defendant does not appeal, his judgment becomes final upon expiration of the ten-day period in which he could have appealed. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). The limitations period therefore expired on May 27, 2002, ten business days after entry of judgment. FED. R. CRIM. P. 45(a)(2). Defendant's motion is dated April 11, 2005, almost three years after the expiration of the limitations period. His motion is therefore time-barred and should be dismissed on this ground.

**II.     Merits**

Even if defendant's motion were considered timely, the record conclusively establishes that each of his three grounds for relief is meritless.

A.     Ineffective Assistance of Counsel

Defendant entered a plea of guilty, under oath, in open court. The constitutional validity of a guilty plea is to be judged under the due-process standards set forth by the Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he is aware of the maximum and minimum (if any) that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994). A presumption of regularity attaches to final criminal judgments, requiring a habeas petitioner to bear the burden of

producing credible evidence to support the contention that his plea was involuntary. *See Parke v. Raley*, 506 U.S. 20, 29-30.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court determined that a defendant cannot attack his plea of guilty if the plea was entered freely, with knowledge of the charge and the consequences of the guilty plea, and with the advice of effective counsel. Defendant does not allege that his plea was involuntary, but he does assert that his counsel was ineffective for failing to assure that he understood the charge and the possible sentence. Construed as a challenge to the voluntariness of the guilty plea, defendant's first ground for relief suffers from two fatal defects. First, under the square holding of *Hill*, a defendant seeking to overturn his plea may not merely allege that his counsel was ineffective or failed to advise him properly. The defendant must further allege that, but for the misadvice, he would have not pleaded guilty and would have insisted on a trial. 474 U.S. at 59. In the absence of such an allegation, a collateral challenge to the guilty plea may be summarily dismissed. *Id.* Here, defendant does not assert that he would have insisted on a trial but for Mr. Garthe's alleged failure to advise him. Indeed, such an allegation, if made, would be totally incredible. The government's case was airtight, and the plea of guilty afforded defendant a three-level reduction in the guideline range pursuant to U.S.S.G. § 3E1.1(a), (b). Without the benefit of the guilty plea, defendant would have been sentenced at a total offense level of 24, rendering a guideline range of 100-to-125 months. In these circumstances, no defendant could credibly assert that he would have insisted on a trial.

Second, defendant's assertions, coming three years after entry of the guilty plea, are patently incredible in light of the plea transcript. Defense counsel, Mr. Garthe, is fluent in Spanish.[2] In addition, the plea proceedings were translated by an interpreter. (Tr. 2). During the plea proceedings, defendant testified that he understood the nature of the charge (Tr. 3) and further testified that he understood each of the elements the government would have to prove in order to convict him. (Tr. 5). Defense counsel also affirmed that he had discussed the elements of the offense with his client and that his client understood them. (Tr. 5-6). Defendant further indicated that he understood that he could be imprisoned for up to twenty years and placed on three years of supervised release. (Tr. 6). Defendant further testified that he was completely satisfied with Mr. Garthe's services and that counsel had done everything asked of him in preparing the defense. (Tr. 7). Defendant indicated that he understood the process of sentencing under the guidelines (Tr. 11-12) and specifically testified that no one had promised him what his sentence would be if he entered a guilty plea. (Tr. 15). On the basis of this testimony, the court made findings at the end of the proceedings concerning the knowing and voluntary nature of the plea. (Tr. 22).

Almost thirty years ago, the Supreme Court indicated the weight to be given to a defendant's testimony at a plea hearing.

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. Subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

---

[2] Defendant testified that he was able to understand Mr. Garthe in Spanish, but that most of their conversations had been in English. (Tr. 7).

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). On this basis, the Sixth Circuit Court of Appeals has repeatedly held that a defendant is bound by his statements in response to the court's inquiries at a plea hearing and that a contrary claim of involuntariness made later is negated by a transcript showing the knowing and voluntary nature of the plea. *See, e.g., United States v. Todaro*, 982 F.2d 1025, 1026 (6th Cir. 1993); *Warner v. United States*, 975 F.2d 1207, 1211 (6th Cir. 1992); *Baker v. United States*, 781 F.2d 85, 89 (6th Cir. 1986). In the present case, the transcript clearly shows the voluntary nature of the plea and that defendant was fully aware of the nature of the charge and the penalty that he faced. Against this clear record, defendant makes only "conclusory allegations unsupported by specifics." Such allegations are subject to summary dismissal, as they are wholly incredible on the face of the record. *Blackledge*, 431 U.S. at 73-74.

      B.     <u>Sixth Amendment Claim</u>

Defendant seeks to upset his sentence on Sixth Amendment principles, asserting that the facts underlying enhancement of his sentence should have been found by a jury beyond a reasonable doubt and not by the sentencing judge. The line of cases upon which defendant seeks to rely began with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* involved judicial enhancement of a state sentence, beyond that prescribed by statute for the underlying offense, upon a finding that defendant had committed a hate crime. The *Apprendi* Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the Supreme Court invalidated under the Sixth Amendment a statute of the State of Washington authorizing the

sentencing judge to impose a sentence above the standard sentencing range if the judge found aggravating factors that justified such a departure. The *Blakely* Court extended the holding in *Apprendi* by defining the "statutory maximum" as the maximum sentence that a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537.

At the time defendant was sentenced, however, the federal courts had not applied the Sixth Amendment rule of *Apprendi* to invalidate sentencing under the federal sentencing guidelines, as long as the ultimate sentence was within the statutory maximum. *See, e.g., United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002). In fact, as late as August 26, 2004, the *en banc* Sixth Circuit held that neither *Apprendi* nor *Blakely* required a finding that sentencing under the guidelines violated the Sixth Amendment. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*). On January 12, 2005, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In essence, the *Booker* Court found that mandatory application of the federal sentencing guidelines abridged Sixth Amendment rights and that the remedy for this violation was to treat the guidelines as merely advisory.

Defendant may not invoke *Booker* retroactively to invalidate his sentence. In general, a criminal defendant may not rely on a new rule of criminal procedure handed down after his conviction has become final. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004). In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit determined that the *Booker* decision announced a new rule of criminal procedure that cannot be invoked to upset convictions or sentences that became final before *Booker* was announced. The Court of Appeals further determined that the new rule enunciated by *Booker* does not fall within either of the two

-8-

narrow exceptions to non-retroactivity recognized by the Supreme Court. 398 F.3d at 862-63. Consequently, under *Humphress*, a federal movant under section 2255 may not invoke *Booker* to challenge application of the sentencing guidelines on Sixth Amendment grounds, if the movant's conviction became final before *Booker* was announced.

As noted above, defendant's judgment became final on May 27, 2002. *Blakely* was not decided until June 24, 2004, and *Booker* was not decided until January of 2005. Defendant is therefore precluded from relying on either *Blakely* or *Booker* to upset his conviction. Under the law as it stood at the time defendant's conviction became final, his sentence did not violate Sixth Amendment principles. As defendant's sentence was legal when imposed, he is precluded by *Humphress* from challenging his sentence on the basis of *Booker* or any other decision handed down after May 27, 2002.

### C. Double Jeopardy

Finally, defendant's assertion that enhancement of his sentence on the basis of his prior criminal history somehow violates the Double Jeopardy Clause is patently frivolous. Both the Supreme Court and the Sixth Circuit have repeatedly rejected the contention that enhancement of a criminal sentence on the basis of a prior record violates double jeopardy. *See, e.g., Monge v. California*, 524 U.S. 721, 727-28 (1998); *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003); *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998); *United States v. Mack*, 938 F.2d 678 (6th Cir. 1991). Defendant's double-jeopardy claim is therefore legally meritless.

**Recommended Disposition**

Upon review of the record, I find that defendant's section 2255 motion is barred in its entirety by the one-year statute of limitations. Furthermore, each of his claims for relief is either legally meritless or conclusively rebutted by the record. I therefore recommend that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket # 27) be summarily denied pursuant to Rule 4.


Dated:   May 27, 2005                        /s/  Joseph G. Scoville
                                             United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).